UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**THOMAS FRAZIER,**

        **Plaintiff,**

v.                                 **ACTION NO. 2:05cv645**

**CITY OF NORFOLK,**

        **Defendant.**

## OPINION AND ORDER

This matter comes before the court on defendant City of Norfolk's ("the city") motion to add parties. For the reasons stated below, the city's motion is **GRANTED**.

## I. Factual and Procedural History

On October 28, 2005, plaintiff Thomas Frazier ("Frazier") filed a four-count complaint in this court seeking to hold the city liable and five Norfolk police officers ("the officers") individually liable under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights and resulting physical injury inflicted by the officers in connection with their arrest of Frazier on November 6, 2003. Frazier claims that the force used in effecting his arrest was unreasonable under the Fourth Amendment and resulted in injury to, and the subsequent removal of, his right eye. See Compl. at ¶ 12.[1]

---

[1] Counts I and II of the complaint allege that the officers are individually liable for violating Frazier's Fourth Amendment

On the same date that he filed the federal complaint, Frazier initiated an action in state court alleging excessive force, assault and battery, gross negligence, and conspiracy claims against the officers, seeking damages for the same injury resulting from the same conduct of the officers in effecting Frazier's November 6, 2003, arrest.  See Mot. Add Parties & Br. Supp. at Ex. A (Frazier's Motion for Judgment filed in the Circuit Court for the City of Norfolk).  The city and the Norfolk Police Department were charged in the state action with liability for the injury, under the theory of respondeat superior, but Frazier subsequently nonsuited them from the action.  See id. at 3.

Meanwhile, the federal action proceeded against the city only, as Frazier failed to serve the officers with the complaint.  On January 9, 2006, the city filed an answer to the complaint, admitting that the Norfolk Police Department is a department of the city, admitting that the officers were acting in their capacity as Norfolk police officers in effecting Frazier's arrest on November 6, 2003, and denying the allegations in the complaint that the officers violated Frazier's constitutional rights.  See City of Norfolk's Answer at ¶¶ 7, 9, 22, 24, 31-33.  After this court ordered Frazier, on March 2, 2006, to show cause why the action

---

rights.  Count III alleges that the city is liable for the officers' violation of Frazier's Fourth Amendment rights.  Count IV charges the officers with individual liability for gross negligence under Virginia law.

against the officers should not be dismissed for failure to effect service of the complaint on them, Frazier voluntarily dismissed the action against the officers, by order of the court, entered on March 14, 2006.[2]

Shortly thereafter, on April 4, 2006, the city filed the instant motion, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, to bring the officers back in the action as party defendants.  In its motion, the city claims that the interests of the officers, the city, and judicial efficiency require joinder of the officers as parties in the action.  Frazier responded in opposition to the city's motion on April 18, 2006, outside the time for filing a response to the motion.

### III. Analysis

Rule 19 of the Federal Rules of Civil Procedure governs the compulsory joinder of parties.  <u>See</u> Fed. R. Civ. P. 19 (2006).  Its provisions distinguish between persons who shall be ordered joined as parties under subsection (a), because they can be made parties and their presence in the action is desirable,[3] and persons who

---

[2] The complaint has not been amended to remove the counts against the officers.

[3] Subsection (a) provides, in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to

cannot be made parties and whose presence is regarded as "indispensable" such that it is preferable to dismiss the action under subsection (b) rather than to proceed in their absence.[4] See 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1604 (3d ed. 2001) (asserting that the two subsections of Rule 19 have different purposes: subsection (a) "reflects an affirmative policy of bringing all interested persons before the court," whereas subsection (b) is designed "to determine whether it is possible to go forward with an action despite the nonjoinder of someone whose presence is desirable but not feasible"); see also Shields v. Barrow, 58 U.S. 130, 139 (1854) (distinguishing between "indispensable" persons without whom the action could not proceed and "persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on the rule which requires it to decide on, and

---

>    the subject of the action and is so situated that the
>    disposition of the action in the person's absence may (i)
>    as a practical matter impair or impede the person's
>    ability to protect that interest or (ii) leave any of the
>    persons already parties subject to a substantial risk of
>    incurring double, multiple, or otherwise inconsistent
>    obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a) (2006).

[4] Subsection (b) provides, in pertinent part, "[i]f a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b) (2006).

finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it").

"The inquiry contemplated by Rule 19 is a practical one . . . addressed to the sound discretion of the trial court." See Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980); see also Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917-18 (4th Cir. 1999). In exercising its discretion, the trial court must consider the plaintiff's interest in choosing the parties to the action, the present defendant's interest, the interest of the potential but absent party, and the public's interest in complete, consistent, and efficient adjudication of disputes. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 108-11 (1968); Shields, 58 U.S at 139; Wright et al., supra § 1602.

Since the officers can be made parties to the action without defeating this court's jurisdiction, they must be joined as parties if their presence is desirable, within the meaning of Rule 19(a). See supra note 3 (quoting Rule 19(a)). The city contends that Frazier's pleaded theory of recovery against the city is that the city is liable under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), for the Fourth Amendment violation and resulting physical injuries directly inflicted by the officers. See 436 U.S. at 694-95 (holding that municipalities are liable under 42 U.S.C. § 1983 for injury visited by municipal

5

officials if the injury was inflicted pursuant to a municipal policy or custom). The city then claims that the officers have an interest in defending the constitutionality of their own conduct.[5] The city represents that this interest cannot be adequately protected unless the officers are joined as parties. Frazier responds by minimizing the import of the officers' conduct to his claim against the city, asserting that the city's liability under Monell is premised on official policies and practices that encourage constitutional violations by the city's police officers.

The Monell doctrine of municipal liability under 42 U.S.C. § 1983 is well settled: a municipality is only liable under § 1983 if it causes a deprivation of federal rights through an official policy or custom. See City of Oklahoma v. Tuttle, 471 U.S. 808, 816-17 (1985); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999); Spell v. McDaniel, 824 F.2d 1380, 1385-88 (4th Cir. 1987). The deprivation of federal rights pleaded by Frazier is the officers' violation of his Fourth Amendment rights by their use of unreasonable force in effecting his arrest. See supra at 1; see also Graham v. Connor, 490 U.S. 386, 395-97 (1989) (holding that all claims that police officers have used excessive force in the

---

[5] The city makes this claim on behalf of the officers. As previously observed, the city answered the complaint, admitting that the officers were acting in their official capacity during the incident in question and denying all allegations against the officers. See supra at 2. The city further claims responsibility for defending the officers in the state action. See Mot. Add Parties & Br. Supp. at 9.

course of an arrest must be analyzed under the Fourth Amendment and its "reasonableness" standard). Thus, to prevail on his claim against the city, Frazier must establish that the officers violated his constitutional rights. See <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986) (holding that a city cannot be held liable under <u>Monell</u> based on the actions of a police officer where the police officer did not use unreasonable force in effecting plaintiff's arrest, even if official policy may have authorized the use of unreasonable force); <u>Wilson v. Flynn</u>, 429 F.3d 465, 469 n.* (4th Cir. 2005) (holding that, under <u>City of Los Angeles v. Heller</u>, 475 U.S. 796 (1986), the plaintiff's failure to establish that the police officers used unreasonable force in effecting his arrest disposes of plaintiff's claim against the municipality).

As the perpetrators of the alleged constitutional injury on which the city's liability is allegedly based, the officers' presence in the action is plainly desirable under Rule 19(a). See <u>Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc.</u>, 210 F.3d 246, 251 (4th Cir. 2000) (holding that since the result of the suit against the subsidiary turns on the parent company's conduct, fairness dictates that the parent company "be given the opportunity to protect its separate and distinct interest as a party"); <u>Freeman v. N.W. Acceptance Corp.</u>, 754 F.2d 553, 559 (5th Cir. 1985) (holding that since the subsidiary's alleged wrongdoing was the

subject of the suit against its parent company, the subsidiary is a person to be joined under Rule 19(a)). Moreover, as a practical matter, the city may have less interest than the officers in defending the constitutionality of the officers' conduct because even if Frazier suffered constitutional injury at the hands of the officers, the city can escape liability for the injury by showing that the officers did not act pursuant to official policy or custom. See Carter, 164 F.3d at 218-19 (holding that even assuming police officers violated plaintiff's constitutional rights, plaintiff cannot hold the city liable for the violation because she failed to establish that an official policy or custom caused her specific injuries); see also Nat'l Union Fire Ins. Co., 210 F.3d at 251 (cautioning that a court should be hesitant to find that a present party can adequately represent the interests of an absent party unless "the interests of the two are identical"). Therefore, the officers' claimed interest in the action is sufficient to warrant joinder under Rule 19(a)(2)(i). See supra note 3 (quoting Rule 19(a)(2)(i), which provides that a person claiming an interest in the subject of the action shall be joined in the action if disposition of the action in the person's absence may "as a practical matter impair or impede the person's ability to protect that interest").

Furthermore, Frazier's interest in choosing the parties to the action is not particularly compelling in this case. Originally,

this action was primarily a suit against the officers, who are named in three of the four counts of the complaint. See supra at 1 and note 1. Moreover, Frazier's subsequent dismissal of the officers from this action did not reflect a deliberate decision to abandon claims against them. The counts naming the officers remain in this federal lawsuit, and Frazier freely admits that he is pursuing similar claims against the officers in state court, seeking damages for the same injury resulting from the incident at issue in this federal action. See Pl.'s Opp'n Def.'s Mot. Joinder under F.R.C.P. 19 at 3-4.[6]

Finally, joinder of the officers as parties in this action comports with the federal policy of complete adjudication of disputes. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966) (observing that, under the Federal Rules of Civil Procedure, "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"); Shields, 58 U.S. at 139 (referencing the rule which requires a court to "finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it"). In addition, to the extent that joinder of the officers in this action

---

[6] Frazier, in fact, filed the federal and state lawsuits on the same day. See supra at 2. It appears to this court that he wants "two bites at the apple" and is "burning his candle at both ends." Such manipulation is not in the public interest, nor is it favored by the judiciary. See infra at 9-10.

will preclude relitigation of issues of fact relating to the officers' conduct in effecting Frazier's arrest, joinder promotes judicial efficiency as well. See Levine v. McLeskey, 164 F.3d 210, 213 (4th Cir. 1998) (observing that "the preclusive effect of a state court judgment in federal court depends on state law"); Angstadt v. Atl. Mut. Ins. Co., 457 S.E.2d 86, 87 (Va. 1995) (setting forth the requirements for the application of collateral estoppel under Virginia law, which include identity of parties, identity of issues, and mutuality, i.e., "a litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issue in the prior action reached the opposite result"); Glasco v. Ballard, 452 S.E.2d 854, 855-56 (Va. 1995) (holding that, under Virginia law, a federal court's final judgment that the police officer did not use unreasonable force, in violation of the Fourth Amendment and 42 U.S.C. § 1983, precludes relitigation of an assault and battery claim against the officer based on the same conduct).

### III. Conclusion

For the reasons set forth above, the city's motion to add parties is **GRANTED**. Accordingly, the court hereby **ORDERS** that police officers F.L. Glaser, Rodney J. Fentress, Randy A. Crandall, Peele, and Guertler be joined as party defendants and that service be effected forthwith, within five (5) days of the date of this order, on each of these officers. Responses are due by the

officers on or before July 14, 2006. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for Frazier and the city. Counsel for the city is to forward a copy of this Opinion and Order to each of the five police officers.

**IT IS SO ORDERED.**

                                                                                  /s/
                                               Rebecca Beach Smith

Norfolk, Virginia

June 16, 2006